***E-FILED - 1/23/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO ZAPATA LOYOLA,<br><br>    Petitioner,<br><br> vs.<br><br>SANTA CLARA COUNTY SUPERIOR COURT,<br><br>    Respondent. | No. C 08-4784 RMW (PR)<br><br>ORDER TO SHOW CAUSE |

  Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 20, 2008, the court found that one of petitioner's claims in his habeas petition failed to specify a claim for which federal habeas relief was available. Accordingly, the court partially dismissed the petition with leave to amend, directing petitioner to file an amended petition alleging a constitutional violation with respect to that claim. Rather than file an amended petition as directed, petitioner filed a supplemental brief in support of his petition (docket no. 6), in which he recited facts with respect to his events leading up to his guilty plea and conviction. Because the supplemental brief does not cure any defects originally noted in his habeas petition, i.e., the failure to allege any violation of the federal constitution, laws or treaties of the United States, and because the supplemental brief does not even re-state the cognizable claims originally alleged in his petition, the court cannot reasonably construe

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.08\Loyola784osc.wpd   1

petitioner's supplemental brief as an "amended petition." As such, petitioner's petition will proceed only on claims one and three as presented in the original petition, and claim two will remain dismissed. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

## BACKGROUND

According to the petition, in 2002 petitioner was convicted in Santa Clara County Superior Court of armed robbery and arson following his guilty plea. The trial court sentenced petitioner to a term of life with the possibility of parole. On direct appeal, the state appellate court affirmed the judgment, and the state supreme court denied the petition for review. The instant federal petition was filed on October 17, 2008.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

Petitioner claims his due process rights were violated because (1) he was incompetent when he was convicted; and (2) his guilty plea was not knowing or voluntary. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1.    The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the

1  petitioner.

2      2.   Respondent shall file with the court and serve on petitioner, within **sixty days** of
3  the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing
4  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
5  Respondent shall file with the answer and serve on petitioner a copy of all portions of the
6  underlying state criminal record that have been transcribed previously and that are relevant to a
7  determination of the issues presented by the petition.

8      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
9  court and serving it on respondent within **thirty days** of the date the answer is filed.

10     3.   Respondent may file a motion to dismiss on procedural grounds in lieu of an
11 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
12 2254 Cases within **sixty days** of the date this order is filed.  If respondent files such a motion,
13 petitioner shall file with the court and serve on respondent an opposition or statement of non-
14 opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the
15 court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

16     4.   It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that
17 all communications with the court must be served on respondent by mailing a true copy of the
18 document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
19 change of address by filing a separate paper captioned "Notice of Change of Address."  He must
20 comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
21 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

22     IT IS SO ORDERED.
23 DATED: __1/22/09__                    *Ronald M. Whyte*
                                         _____
24                                       RONALD M. WHYTE
                                         United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.08\Loyola784osc.wpd      3