*E-FILED - 3/24/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO ZAPATA LOYOLA,<br><br>             Petitioner,<br><br>  vs.<br><br>SANTA CLARA COUNTY SUPERIOR COURT,<br><br>             Respondent. | No. C 08-4784 RMW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(Docket No. 11) |

      Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as unexhausted. Petitioner filed exhibits, which the court construes as an opposition, and respondent filed a reply brief. Based upon the papers submitted, the court will GRANT respondent's motion and DISMISS the instant petition.

## BACKGROUND

      According to the petition, in 2002 petitioner was convicted in Santa Clara County Superior Court of armed robbery and arson following his guilty plea. The trial court sentenced petitioner to a term of life with the possibility of parole. On direct appeal, the state appellate

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\Loyola784mtdwholunexh.wpd

1  court affirmed the judgment, and the state supreme court denied the petition for review.
2  Petitioner did not file any state habeas petitions. The instant federal petition was filed on
3  October 17, 2008.

## DISCUSSION

Respondent moves to dismiss the petition on the ground it is unexhausted because petitioner did not fairly present his claims for review to the state courts. In his § 2254 petition, the court found cognizable the following claims: (1) petitioner was incompetent when he was convicted and (2) petitioner's guilty plea was not knowing or voluntary. Petitioner's opposition raises arguments relating to his underlying conviction and sentence, but fails to address the exhaustion issue.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See Rose v. Lundy, 455 U.S. 509, 510 (1982).

Here, in petitioner's petition for review to the California Supreme Court on direct appeal, he raised one claim: that his 60-years to life sentence was cruel and unusual. (Mot. Ex. 1.) Petitioner does not dispute that he has not yet filed any state habeas petitions in California Supreme Court.

Accordingly, because petitioner has not presented his federal claims to the California Supreme Court, the court GRANTS respondent's motion to dismiss. See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) ("Once [respondent] moved for dismissal, the district court was obliged to dismiss immediately as the petition contained no exhausted claims.") (internal

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\Loyola784mtdwholunexh.wpd  2

1 | quotation omitted).

## CONCLUSION

Respondent's motion to dismiss the petition (docket nos. 11) is GRANTED. The instant petition is DISMISSED for failure to exhaust. The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: 3/23/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\Loyola784mtdwholunexh.wpd   3